**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Rome Division**

|  |  |  |
|---|---|---|
| **BEAULIEU GROUP LLC,**<br>**a Georgia Corporation,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No. _____** |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **MOHAWK INDUSTRIES, INC.,**<br>**a Delaware Corporation,** | ) ) ) | |
| **Defendant.** | ) ) | |

<u>**COMPLAINT**</u>

Plaintiff Beaulieu Group LLC ("Beaulieu"), by counsel, states the following as its Complaint against Defendant Mohawk Industries, Inc. ("Mohawk"):

1.      This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, unfair competition under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372, and unfair competition under the common law of the State of Georgia, which Beaulieu brings to protect the goodwill and consumer recognition it has developed in its federally-protected trademark.

## The Parties

2.      Plaintiff Beaulieu is a Georgia corporation with its principal place of business at 1502 Coronet Drive, Dalton, Georgia 30720.

3.      Defendant Mohawk is a Delaware corporation with its principal place of business at 160 South Industrial Boulevard, Calhoun, Georgia 30701.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over Beaulieu's state law claims under 28 U.S.C. § 1367.

5.      Defendant has its principal place of business in, conducted many of the acts listed in this Complaint in, and is subject to personal jurisdiction in the State of Georgia.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## Factual Allegations

*Beaulieu and Its HEALTHY HOME Mark*

7.      Since 1978, Beaulieu has manufactured and sold a wide variety of flooring products around the world, including throughout the United States.  These flooring products include, without limitation, carpet, carpet tiles, and luxury vinyl flooring.

8.      Beaulieu is one of the largest flooring manufacturers in the United States. Beaulieu's carpet products, including its residential line of carpet that is marketed under its Bliss by Beaulieu® brand, have wide awareness and value to flooring consumers and retailers, and Beaulieu and its brands are well known in the flooring market.

9.      In connection with a collection within its Bliss product line, Beaulieu uses the trademark HEALTHY HOME ("HEALTHY HOME Mark") on carpets which include various eco-friendly and advanced quality features.

10.     Beaulieu has used the HEALTHY HOME Mark continuously in connection with carpet since at least as early as 2008.

11.     Through its continuous use and extensive advertising, Beaulieu has invested heavily in developing a reputation for excellence for its Bliss Healthy Home collection, as well as substantial consumer goodwill, both of which are reflected in the HEALTHY HOME Mark. The HEALTHY HOME Mark is an integral part of Beaulieu's Bliss product line and brand identity.

12.     To protect its rights in the HEALTHY HOME Mark, Beaulieu has obtained a U.S. federal trademark registration (Reg. No. 3,648,591) on the Principal Register for the United States Patent and Trademark Office for BLISS BY BEAULIEU HEALTHY HOME in connection with carpets ("Registered

Mark", included in the definition of "HEALTHY HOME Mark"). A copy of the BLISS BY BEAULIEU HEALTHY HOME U.S. federal registration is attached hereto as Exhibit A.

13.     Beaulieu's registration for the BLISS BY BEAULIEU HEALTHY HOME Mark remains in full force and effect. The Registered Mark became incontestable pursuant to section 15 of the Lanham Act, 15 U.S.C. § 1065, due to at least five years of continuous use of the Registered Mark by Beaulieu.

14.     The HEALTHY HOME Mark is valid, protectable and enforceable. Through Beaulieu's continuous use and advertising, the HEALTHY HOME Mark has become well-known in the carpet industry and with consumers. Furthermore, the HEALTHY HOME Mark is inherently distinctive, or, in the alternative, has acquired distinctiveness through continuous use in commerce.

*Defendant's Infringement and Unfair Competition*

15.     Mohawk also manufactures and sells a wide variety of flooring products around the world, including throughout the United States. Mohawk is a direct competitor of Beaulieu in the carpet industry.

16.     Mohawk is currently using "Healthy Home" as a trademark in connection with carpets ("Infringing Mark"). As shown in Exhibit B, attached hereto, Mohawk is advertising that its carpets are "Healthy Home Certified" or part

of Mohawk's "Healthy Home Certified Program," among other uses.  Mohawk

uses the Infringing Mark in interstate commerce and uses the Infringing Mark as an

identifier in selling its carpets and related products.

      17.    The Infringing Mark adopted by Mohawk is confusingly similar to the

HEALTHY HOME Mark.  The Infringing Mark copies wholesale the dominant,

distinctive component of the HEALTHY HOME Mark, namely the phrase

"Healthy Home," and merely adds the generic modifier "certified."  This minor

difference does nothing to distinguish the overall commercial impression of the

Infringing Mark from the HEALTHY HOME Mark.

      18.    Upon information and belief, Beaulieu's rights in the HEALTHY

HOME Mark predate any use of the Infringing Mark by Mohawk.

      19.    There is no affiliation of any kind between Beaulieu and Mohawk,

and Mohawk adopted and began using the Infringing Mark without Beaulieu's

permission or consent.  Beaulieu has no control over the manner of Mohawk's use

of the Infringing Mark, or the nature or quality of products advertised, promoted,

and offered by Mohawk.

      20.    Given the substantial similarity between the two marks and the

identical goods provided by both companies, Mohawk's use of the Infringing Mark

is likely to confuse or to deceive customers.   Moreover, Mohawk's use of the

Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Beaulieu and Mohawk, when, in fact, there is no affiliation between the two companies.

21.    Mohawk's use of the Infringing Mark is willful and has continued unabated even after Mohawk learned of Beaulieu's rights in the HEALTHY HOME Mark and Beaulieu's Registered Mark.

22.    Upon information and belief, Mohawk's use of the Infringing Mark is part of a pattern of mimicking the trademarks Beaulieu uses in connection with its established and successful product lines.

23.    For example, Mohawk also recently filed a federal trademark application for the mark SMARTSTRAND FOREVER CLEAN, in connection with carpets, which is confusingly similar to Beaulieu's well-established EVERCLEAN trademark used in connection with identical goods.

24.    Upon information and belief, Mohawk's pattern of mimicking Beaulieu's trademarks shows Mohawk's bad-faith intent to capitalize on Beaulieu's goodwill and reputation with consumers.

/

/

/

<u>COUNT I</u>
<u>Federal Trademark Infringement</u>
<u>15 U.S.C. § 1114</u>
<u>(Infringement of Beaulieu's Registered Mark)</u>

25.     Paragraphs 1 through 24 are incorporated and made a part of this Count.

26.     Mohawk is using the Infringing Mark, which is a reproduction, counterfeit, copy or colorable imitation of Beaulieu's Registered Mark, in commerce in connection with the sale, offering for sale, distribution and/or advertising of carpets that do not originate with, and are not sponsored by or affiliated with, Beaulieu.

27.     Mohawk is applying the Infringing Mark in advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of chemical products that do not originate with, and are not sponsored by or affiliated with, Beaulieu.

28.     Mohawk's actions are likely to cause confusion, mistake, or deception as to the source of origin of the carpets offered by Mohawk in connection with the Infringing Mark, in that customers and potential customers are likely to believe that the carpets offered by Mohawk in connection with a reproduction, counterfeit, copy or colorable imitation of Beaulieu's Registered Mark are provided by,

sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Beaulieu.

29.    Mohawk's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the carpets provided by Mohawk in connection with the Infringing Mark and Beaulieu when there is not.

30.    As a direct and proximate result of the likely confusion, mistake, or deception, Beaulieu has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

31.    The likely confusion, mistake, or deception caused by Defendant is willful and is in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
## Federal False Designation of Origin and Unfair Competition
## 15 U.S.C. § 1125(a)

32.    Paragraphs 1 through 31 are incorporated and made a part of this Count.

33.    Mohawk's actions constitute use of terms, names, symbols and devices, and use of false designations of origin, all of which is likely to cause confusion, mistake, or deception as to the source of origin of the carpets provided

by Mohawk, in that customers and potential customers are likely to believe that

such carpets are provided by, sponsored by, approved by, licensed by, affiliated or

associated with, or in some other way legitimately connected to Beaulieu.

34.     Mohawk's actions are likely to cause confusion, mistake, or

deception, in that customers and potential customers are likely to believe there is

sponsorship, approval, licensing, affiliation, association, or some legitimate

connection between the carpets provided by Mohawk and Beaulieu's carpets when

there is not.

35.     As a direct and proximate result of the likely confusion, mistake, or

deception, Beaulieu has suffered and will continue to suffer irreparable harm if

Mohawk's conduct is not enjoined.

36.     The likely confusion, mistake, or deception caused by Mohawk is

willful and is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT III**
**Georgia Uniform Deceptive Trade Practices Act**
**(O.C.G.A. § 10-1-372)**

37.     Paragraphs 1 through 36 are incorporated and made a part of this

Count.

38.     Mohawk has engaged in a deceptive trade practice in the course of its

business by using the Infringing Mark in connection with carpets in a manner that

causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Mohawk's goods; causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Beaulieu; and/or represents that Mohawk's goods have sponsorship, approval by Beaulieu which Mohawk's goods do not have.

39.     Mohawk willfully, deliberately and/or intentionally has engaged in a deceptive trade practice by using the Infringing Mark with knowledge of Beaulieu's superior rights.

40.     Accordingly, Beaulieu is entitled to injunctive relief, costs and attorney's fees.

<u>**COUNT IV**</u>
<u>**Georgia Common Law Unfair Competition**</u>

41.     Paragraphs 1 through 40 are incorporated and made a part of this Count.

42.     Mohawk's conduct constitutes unfair competition in violation of Beaulieu's rights in the HEALTHY HOME Mark.

43.     As a direct and proximate result of Mohawk's unfair competition, Beaulieu has suffered and will continue to suffer irreparable harm if Mohawk's conduct is not enjoined.

10

44.     Mohawk's acts were taken in willful, deliberate and/or intentional disregard of Beaulieu's rights.

## JURY DEMAND

Beaulieu respectfully requests a jury trial for this matter.

**WHEREFORE**, Beaulieu prays for judgment against Mohawk as follows:

A.     Permanently enjoining and restraining Defendant Mohawk, its directors, members, officers, agents, servants, employees, subsidiaries, and affiliates, and all persons in active concert or participation with, through, or under any of them:

1.     from using the Infringing Mark or any other mark that infringes upon Beaulieu's rights in the HEALTHY HOME Mark;

2.     from committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Beaulieu's HEALTHY HOME Mark;

3.     from committing any acts of deceptive, unlawful or unfair acts calculated to cause members of the trade or purchasing public to believe that Mohawk's goods are the goods of Beaulieu or are sponsored by or associated with, or related to, or connected with,

or in some way endorsed or promoted by Beaulieu under the

supervision or control of Beaulieu.

B.     Requiring Mohawk to file with the Court and serve upon Beaulieu's

counsel a written report under oath that it has complied with the Court's order

pursuant to paragraph A above.

C.     Finding Mohawk's unlawful conduct to be willful.

D.     In connection with Mohawk's acts of federal trademark infringement

and federal and state unfair competition and violation of the Georgia Uniform

Deceptive Trade Practices Act, requiring Mohawk to account and pay over to

Beaulieu all damages sustained by Beaulieu, Mohawk's profits, Beaulieu's

attorneys' fees and costs, punitive damages under O.C.G.A. § 51-12-5.1, and

ordering that the amount of damages awarded Beaulieu be increased three times

the amount thereof.

E.     That Beaulieu be awarded such other and further relief as this Court

deems just and proper.

Respectfully submitted on July 22, 2015.

**BEAULIEU GROUP LLC**

By Counsel

s/ Peter N. Farley_____
Peter N. Farley (Georgia Bar. No. 255165)

MCGUIREWOODS LLP
Promenade
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309-3534
Tel: (404) 443-5623
Fax: (404) 443-5680
Email: pfarley@mcguirewoods.com

Brad R. Newberg (*pro hac vice* pending)
MCGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons Corner, VA 22102
Tel: (703) 712-5061
Fax: (703) 712-5187
Email: bnewberg@mcguirewoods.com

Lucy Jewett Wheatley (*pro hac vice*
pending)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
(804) 775-1000
(804) 775-1061 (fax)
Email: lwheatley@mcguirewoods.com

*Attorneys for Plaintiff Beaulieu Group LLC*

# Exhibit A

**Int. Cl.: 27**

**Prior U.S. Cls.: 19, 20, 37, 42, and 50**

**United States Patent and Trademark Office**

Reg. No. 3,648,591

Registered June 30, 2009

## TRADEMARK
### PRINCIPAL REGISTER

BLISS BY BEAULIEU HEALTHY
HOME

BEAULIEU GROUP, LLC (GEORGIA LIMITED
LIABILITY COMPANY)
1502 CORONET DRIVE
DALTON, GA 30720

FOR: CARPETS, IN CLASS 27 (U.S. CLS. 19, 20, 37, 42 AND 50).

FIRST USE 2-15-2008; IN COMMERCE 2-15-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-476,396, FILED 5-16-2008.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

# Exhibit B



# Healthy Home Certified

CREATING A SAFE, SUSTAINABLE FOUNDATION FOR YOUR HOME... AND OURS

At Mohawk, we believe in creating beautiful flooring products that support a healthy home environment. Mohawk Flooring's Healthy Home Certification program is our promise to you that your flooring is safe and sustainable and meets the health standards as certified by credible third-party organizations. You deserve the peace of mind in trusting that your flooring is manufactured responsibly and without the addition of harmful chemicals. That's why Mohawk puts significant resources and rigorous research into each and every product we make. Because we have families, too.

SETTING THE STANDARD

Certifications show the actions we have taken to assure that our products can be a part of a healthy indoor environment. We believe in the importance of certifications from respected third-party organizations to give our consumers the utmost confidence in our products and our company. After all, we live and breathe our flooring.

1

# Our Certifications

CARPET

Carpet provides comfort on many levels — the comfort in providing your family
with a low VOC flooring choice, and the safety of a soft place to fall.



NSF 140 is the first U.S. national carpet sustainability certification based on life cycle
assessment principles. We offer a number of NSF 140 certified products.



Underwriters Laboratories' Environmental Claim Validation verifies the recycled
content of products, including our EverStrand® and Wear-Dated® Revive® carpets.

2



Carpet and Rug Institute (CRI) Green Label and Green Label Plus certify that our complete line of carpeting, as well as products such as SmartCushion™, will not adversely affect indoor air quality.



U.S. EPA Design for the Environment certifies that our cleaning products are formulated from ingredients to provide safer choices for individual health and the environment.



GREENGUARD® Indoor Air Quality certifies that products designed for use indoors, such as our Eco Cushion mats, meet strict chemical emissions limits.

HARDWOOD

+

LAMINATE

+

TILE

+

RESILIENT

+

*1-800-2Mohawk (800-266-4295)*



FLOORING PRODUCTS                                                                    +

ABOUT MOHAWK                                                                          +

HELP                                                                                          +

FIND A RETAILER

ZIP Code                                                                                →

Mohawk Industries © Copyright 2015.

All rights reserved.

Terms of Use | Privacy Policy